PADBERG et al. v. RIGNEY et vir.

No. 33755.   June 20, 1950.
Rehearing Denied Feb. 13, 1951.

227 P. 2d 661.

Paul W. Showalter and J. F. Colson, Oklahoma City, for plaintiffs in error.

Owen F. Renegar, Oklahoma City, for defendants in error.

HALLEY, J. On the 26th day of October, 1946, Ida Prather Padberg, a widow, John William Padberg, Jr., Ella Lea Padberg, and Joan Padberg executed a lease with an option agreement with Gladys M. Rigney. The agreement was also signed by F. L. Rigney, husband of Gladys M. Rigney, and he is a party to this lawsuit. As the parties occupy the same positions here as in the court below, they will be referred to as "plaintiffs' and "defendants".

The agreement covered the S/2 SW/4 NW/4 of Sec. 24, Twp. 12 N, R. 1 W, in Oklahoma county. In this agreement the plaintiffs agreed to sell to the defendant Gladys M. Rigney this tract of land for the sum of $6,500 within two years from the date of the instrument, and agreed to furnish her, should she exercise her option to purchase, an abstract of title covering the property, showing good and merchantable title in the plaintiffs. The defendant Gladys M. Rigney was to pay the sum of $50 a month until she exercised her option to purchase, or until the two years had elapsed, and if the option to purchase was not exercised, the $50 monthly payments were to be retained by the plaintiffs as rent.

The defendants took possession of the property and made a great many repairs, at a cost found by the trial court to be $2,225. On the 16th day of April, 1947, the defendant Gladys M. Rigney exercised her option to purchase under the contract and obtained from the plaintiffs an abstract of title covering the property, which she submitted to a building and loan association in Oklahoma City for examination and for the purpose of obtaining a loan. Counsel for the building and loan association raised a question as to the title, and would not approve the title unless a quitclaim deed was obtained from John Padberg, Jr., and this, according to the testimony, was never furnished to the defendants, and they were never able to complete the loan. The plaintiffs did furnish to the defendants a warranty deed, which was placed of record, and when the loan was not completed, the plaintiffs brought suit to cancel the deed which they had given to the defendants for the purpose of obtaining the loan, and there was no contest on this suit by the defendants. The plaintiffs went into possession of the property on September 19, 1947, without defendants' consent, and brought this suit to cancel the option agreement. This case went to trial, and judgment was entered in favor of the defendants, denying the plaintiffs any relief, and the option was declared to be in full force and effect, and the defendants were adjudged to be entitled to be placed in full custody and possession of the property and to continue thereon so long as they complied with the terms of the option agreement, and until the termination of the option agreement. The plaintiffs appealed to this court.

The sole question for our determination, as agreed to by the parties, is whether or not the option agreement should be canceled. The plaintiffs urge five propositions:

"(1) Did the exercise of the option by the defendants to purchase for $6,-500 and the execution and delivery of the deed by the plaintiffs and the recording of the deed by the defendants merge the lease into the contract of sale, thereby exhausting the lease?

"(2) Did the failure of the defendants to pay the purchase price after the execution and delivery by the plaintiff to the defendant of the deed, and the recording of the deed in the name of the defendant, breathe new life into the original lease?

"(3) Did the judgment cancelling the deed reinstate the original optional contract and lease after it had been merged into the contract of sale?

"(4) Did the defendants by their actions reject the offer to purchase, by attempting to change the terms of the contract, and did the court below in effect force a new contract upon the plaintiffs?

"(5) Did the abandonment of the leased premises and failure to pay the lease rental of $50 per month constitute a forfeiture of the lease and option?"

In our opinion, the plaintiffs never intended to pass title to the defendants until they were paid the $6,500 provided for in the option to purchase and the delivery of the deed to the purchaser for the purpose of obtaining a loan to pay plaintiffs could not work a merger of the option into title in defendants. From the plaintiff's testimony it is quite clear they did not intend to pass title to the defendants until they were paid, and since no title passed there was no merger. In Johndrow v. Johndrow, 199 Okla. 363, 186 P. 2d 325, we said that a delivery of a deed which will pass title occurs only when grantor parts with his dominion over the deed with the intention to pass title. In our opinion, the original agreement was always in force and effect, and new life did not have to be breathed into it.

As we heretofore stated, the option agreement never merged into a contract of sale.

The defendants never rejected the option to purchase, because they were never furnished a merchantable title.

The trial court found, and there was evidence to sustain it, that there were sufficient $50 monthly payments made to keep the option agreement alive as to the right to possession under the lease phase of the agreement. We are of the opinion that so long as the plaintiffs failed to live up to the provisions of the option agreement, they cannot have a cancellation of the option agreement so long as the monthly payments are made. This is a case of equitable cognizance, and the plaintiffs, to obtain cancellation, must first have complied with the provisions of the option agreement. The evidence is undisputed that the defendants would have been able to obtain a loan on this property, and thereby to make a deal and to pay to the plaintiffs the $6,500 purchase price set up in the option agreement, but, because of the failure of plaintiffs to comply with the terms of the agreement, they were unable to obtain this money. It would be highly unconscionable to permit the plaintiffs to obtain the benefit of the improvements which the defendants made upon the property without the plaintiffs' living up to their part of the agreement. We find no case from this court bearing on the question here involved, but the rule has been adopted in other states that an option agreement will not be forfeited where the lessee has been unable to make the payments due to the fault or inequitable conduct of the lessor. Walcis et al. v. Kozacik, 86 Ind. App. 484, 156 N.E. 589; Wilkins v. Evans, 1 Del. Ch. 156; Houghton v. Cook, 91 Vt. 197, 100 A. 115; see, also, 51 C.J.S., Landlord & Tenant, sec. 86.

Since it was the fault of the plaintiffs in this case that the defendants were unable to consummate their option to purchase by not furnishing a merchantable title, they may not ask equitable relief.

The action of the trial court is affirmed.

LUTTRELL, V.C.J. and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, C. J., concurring specially.

ARNOLD, C.J. (concurring specially.) This is an action to cancel a written lease containing an option to purchase provision.

Mrs. Padberg and her three children, who claimed to be the owners of the property herein involved, signed and delivered a written lease of the property to defendant Rigney and her husband. The term of the lease was two years and it included an option to purchase at a fixed price within the term of the lease.

The defendants determined during the term of the lease to exercise their

option and requested that the Padbergs execute and deliver a deed to them so that they could complete their loan arrangements whereby they were to procure the balance of the purchase price. The deed was delivered and recorded and title was examined by the building and loan company pursuant to the application for a loan by the Rigneys. The Rigneys were notified by the building and loan company that the title was not merchantable, pointing out the defects determined by it. The Rigneys refused to pay the balance of the purchase price.

Upon refusal to pay the balance of the purchase price for the reason hereinbefore stated, the Padbergs filed suit to cancel the deed which they had executed and delivered to the Rigneys and which was of record. The suit to cancel said deed by the Padbergs was not resisted by the Rigneys and judgment was entered canceling the deed.

It is contended here by the Padbergs that the Rigneys fully exercised their option to purchase; that the delivery of the deed to the Rigneys consummated the option and title passed to the Rigneys thereby bringing to an end the lease agreement and the option provision therein contained. Except for the voluntary act of the Padbergs in procuring the cancellation of the deed, the entire basis of their claim that the option was fully exercised, this might be true. But when they procured the cancellation of the deed the lease and option provision stood as before any effort was made to exercise the option. This being true, the lease and option provision therein contained were still in full force and effect and the Rigneys were entitled to possession of the property under their lease.

